IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RICHARD A. HERNANDEZ, JR.,

    Plaintiff,

  vs.

N. BANTA, et al.,

    Defendants.
                               /

No. C 12-03162 YGR (PR)

**ORDER DIRECTING PLAINTIFF TO PROVIDE REQUIRED INFORMATION NECESSARY TO IDENTIFY AND LOCATE DEFENDANTS COLEMAN, BRANDON, AND BURT**

      Plaintiff filed the instant *pro se* civil rights complaint under 42 U.S.C. § 1983. The Court issued an Order of Service, directing the United States Marshal to serve a summons and complaint on Defendants.

      Service has been ineffective on Defendants Coleman, K. Brandon, and R. Burt at Pelican Bay State Prison (PBSP). The Court has been informed that the United States Marshal was unable to locate the aforementioned Defendants because: (1) Defendant Coleman's first name or initial is needed; (2) Defendant R. Burt is "unknown" to the litigation coordinator at PBSP; and (3) Defendant K. Brandon is "retired" and the summons sent to the forwarding address given by PBSP "was returned by the post office [as] unable to locate and forward." (Docket Nos. 8, 9, 10.)

      As Plaintiff is proceeding *in forma pauperis* (IFP), he is responsible for providing the Court with current addresses for all Defendants so that service can be accomplished. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994); *Sellers v. United States*, 902 F.2d 598, 603 (7th Cir. 1990).

      Pursuant to Federal Rule of Civil Procedure 4(m), if a complaint is not served within 120 days from the filing of the complaint, it may be dismissed without prejudice for failure of service. When advised of a problem accomplishing service, a *pro se* litigant proceeding IFP must "attempt to remedy any apparent defects of which [he] has knowledge." *Rochon v. Dawson*, 828 F.2d 1107,

1110 (5th Cir. 1987). If the marshal's office is unable to effectuate service through no fault of its own, e.g., because Plaintiff failed to provide sufficient information or because the defendant is not where Plaintiff claims, and Plaintiff is informed, Plaintiff must seek to remedy the situation or face dismissal. *See Walker*, 14 F.3d at 1421-22 (prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) because prisoner did not prove that he provided marshal with sufficient information to serve official or that he requested that official be served); *see also Del Raine v. Williford*, 32 F.3d 1024, 1029-31 (7th Cir. 1994) (prisoner failed to show good cause for failing to timely effect service on defendant because plaintiff did not provide marshal with copy of amended complaint until after more than 120 days after it was filed).

IT IS HEREBY ORDERED THAT within **twenty-eight (28) days** of the date of this Order, Plaintiff must provide the Court with the required information necessary to identify and locate each of these Defendants, such as their first names, identification numbers, or current addresses. Failure to do so shall result in the dismissal of all claims against these Defendants. If Plaintiff provides the Court with aforementioned required information, service shall again be attempted. If service fails a second time, all claims against these Defendants shall be dismissed.

IT IS SO ORDERED.

DATED:   January 30, 2013

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**