1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RICHARD A. HERNANDEZ, JR.,

     Plaintiff,

  vs.

N. BANTA, et al.,

     Defendants.

_____/

No. C 12-03162 YGR (PR)

**ORDER DIRECTING PLAINTIFF TO PROVIDE REQUIRED INFORMATION NECESSARY TO IDENTIFY AND LOCATE DEFENDANT G. WILLIAMS**

Plaintiff filed the instant *pro se* civil rights complaint under 42 U.S.C. § 1983.  The Court issued an Order of Service, directing the United States Marshal to serve a summons and complaint on Defendants.

Service has been ineffective on Defendant G. Williams at Pelican Bay State Prison (PBSP).  The Court has been informed that the United States Marshal was unable to locate the aforementioned Defendant because the litigation coordinator at PBSP was "unable to identify a G. Williams as ever working at [PBSP]."  (Docket No. 11.)

As Plaintiff is proceeding *in forma pauperis* (IFP), he is responsible for providing the Court with current addresses for all Defendants so that service can be accomplished.  *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994); *Sellers v. United States*, 902 F.2d 598, 603 (7th Cir. 1990).

Pursuant to Federal Rule of Civil Procedure 4(m), if a complaint is not served within 120 days from the filing of the complaint, it may be dismissed without prejudice for failure of service.  When advised of a problem accomplishing service, a *pro se* litigant proceeding IFP must "attempt to remedy any apparent defects of which [he] has knowledge."  *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987).  If the marshal's office is unable to effectuate service through no fault of its own, e.g., because Plaintiff failed to provide sufficient information or because the defendant is not

where Plaintiff claims, and Plaintiff is informed, Plaintiff must seek to remedy the situation or face dismissal. *See Walker*, 14 F.3d at 1421-22 (prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) because prisoner did not prove that he provided marshal with sufficient information to serve official or that he requested that official be served); *see also Del Raine v. Williford*, 32 F.3d 1024, 1029-31 (7th Cir. 1994) (prisoner failed to show good cause for failing to timely effect service on defendant because plaintiff did not provide marshal with copy of amended complaint until after more than 120 days after it was filed).

IT IS HEREBY ORDERED THAT within **twenty-eight (28) days** of the date of this Order, Plaintiff must provide the Court with the required information necessary to identify and locate Defendant Williams, such as a full first name, identification number, or current address. Failure to do so shall result in the dismissal of all claims against Defendant Williams. If Plaintiff provides the Court with aforementioned required information, service shall again be attempted. If service fails a second time, all claims against Defendant Williams shall be dismissed.

IT IS SO ORDERED.

DATED: February 19, 2013

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**