IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD A. HERNANDEZ, JR.,<br><br>    Plaintiff,<br><br>vs.<br><br>N. BANTA, et al.,<br><br>    Defendants.<br>_____ / | No. C 12-3162 YGR (PR)<br><br>**ORDER DENYING DEFENDANTS' MOTION TO STAY DISCOVERY; DENYING PLAINTIFF'S DISCOVERY REQUEST; AND DIRECTING PLAINTIFF TO PROVIDE REQUIRED INFORMATION NECESSARY TO IDENTIFY AND LOCATE DEFENDANT BEARD IF SUMMONS IS RETURNED UNEXECUTED**<br><br>(Docket Nos. 29, 33) |

Plaintiff filed this *pro se* civil rights action under 42 U.S.C. § 1983. In an Order dated December 5, 2012, the Court found that, liberally construed, Plaintiff's complaint stated cognizable claims of violations of his (1) due process and (2) equal protection rights (based on being validated a gang member) against the following prison officials at Pelican Bay State Prison ("PBSP"): N. Banta, F. Jacquez, G. A. Kelly, M. E. Polk, D. Marx, D. Beard, G. Williams, R. Bell, R. Tupy, J. McKinney, M. Cleary, Coleman, K. Brandon, and R. Burt. (Docket No. 5.) The Court directed the U.S. Marshal to serve a summons and complaint on Defendants.

In Orders dated January 30, 2013 and February 19, 2013, the Court notified Plaintiff that Defendants Coleman, Brandon, Burt, and Williams had not been served in this action. The Court directed Plaintiff to provide the required information necessary to locate these Defendants within twenty-eight days of each Order. He was also informed that the failure to do so shall result in the dismissal of all claims against these Defendants. To date, Plaintiff has not provided the Court with the aforementioned information.

On May 1, 2013, Defendants Banta, Bell, Cleary, Jacquez, Kelly, Marx, McKinney, Polk, and Tupy filed a motion to dismiss Plaintiff's complaint on the basis that it fails to state a claim on which relief may be granted and on the basis that these Defendants are entitled to qualified immunity.

Before the Court are the served Defendants' motion to stay discovery as well as Plaintiff's discovery request "seeking the present or last known address of the defendants who are not yet

served." (Docket Nos. 29, 33.)  In addition, the Court notes that Defendant Beard has not been served in this action.  However, unlike the summons sent to the other Defendants, the summons sent to Defendant Beard was only recently returned unexecuted.  The Court will address this issue below.

### I. Served Defendants' Motion to Stay Discovery

On May 1, 2013, the served Defendants filed a motion to stay discovery pending resolution of their motion to dismiss.  (Docket No. 33.)

A district court has broad discretion to stay discovery proceedings pending the disposition of a potentially dispositive motion.  *See Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985); *Scroggins v. Air Cargo, Inc.*, 534 F.2d 1124, 1133 (5th Cir. 1976); *Hovermale v. School Bd. of Hillsborough County*, 128 F.R.D. 287, 289 (M.D. Fla. 1989).  The pending discovery request in the instant case, however, is not especially burdensome.  In addition, staying discovery would only further delay resolution of the case if the motion to dismiss is denied.  Accordingly, Defendants' motion to stay discovery (Docket No. 33) is DENIED.

### II. Plaintiff's Discovery Request

Plaintiff filed a discovery request, in which he claims he is entitled "to conduct appropriate discovery to obtain sufficient information to name and locate all [unserved] defendants accurately in the complaint, and to serve process on them." (Docket No. 29.)  He seems to be asking that the Court order the PBSP litigation coordinator or the California Department of Corrections and Rehabilitation -- neither of which is a defendant -- to provide information for him to use to serve process on the unserved Defendants.  For the reasons below, his discovery request is DENIED.

The discovery request reflects Plaintiff's misunderstanding of the discovery process, as a party may not obtain discovery by simply telling the Court what he wants to learn and asking the Court to force another party to provide the information.  The litigant must personally submit the requests to defense counsel or third parties in compliance with Federal Rule of Civil Procedure 26 - 36, and deal directly with defense counsel or the third parties.  The Court generally is not involved in the discovery process and only becomes involved when there is a dispute between the parties about discovery responses.  Discovery requests and responses normally are exchanged between the parties without any copy sent to the Court.  *See* Fed. R. Civ. P. 5(d)(1) (listing discovery requests

and responses that "must not" be filed with the district court until they are used in the proceeding or the district court orders otherwise). Only when the parties have a discovery dispute that they cannot resolve among themselves should they even consider asking the Court to intervene in the discovery process. The Court does not have enough time or resources to oversee all discovery; therefore, it requires that the parties present to it only their very specific disagreements. And to promote the goal of addressing only very specific disagreements (rather than becoming an overseer of all discovery), the Court requires that the parties must engage in good faith efforts to meet and confer to try to resolve their disagreements before seeking court intervention. *See* Fed. R. Civ. P. 37(a)(1); N. D. Cal. Local Rule 37. Here, the problem with Plaintiff's discovery request is that he has not made such a request on his opponent or a third party, let alone taken steps to attempt to resolve any disputes before seeking assistance from the Court.

If Plaintiff intends to file a motion to compel, the Court further explains the procedure that must be followed before such a motion is filed. The moving party must first attempt to resolve the dispute informally with the opposing party. Because Plaintiff is incarcerated, he is not required to meet and confer with Defendants *in person*. Rather, if Plaintiff's discovery requests are denied and he intends to pursue a motion to compel, he need only send a letter to Defendants to that effect, offering them one last opportunity to provide him the sought-after information. The letter should state the specific discovery he seeks, and state the reasons that Plaintiff believes he is entitled to such discovery.

Accordingly, Plaintiff's discovery request (Docket No. 29) is DENIED. The denial of this discovery request is without prejudice to Plaintiff filing a motion to compel at some later date, but only after he has made discovery requests and has attempted to resolve any disagreements with opposing counsel before filing such a motion. At this time, the Court also *sua sponte* GRANTS Plaintiff an extension of time to provide the required information necessary to locate Defendants Coleman, Brandon, Burt, and Williams, as directed below.

### III. Defendant Beard

As mentioned above, the Court notes that Defendant Beard has not been served in this action. On May 23, 2013, Clerk's Office staff made an inquiry to the U.S. Marshal's Office about the status

of the summons sent to this Defendant. On May 28, 2013, the U.S. Marshal's Office responded and indicated that the original summons had been returned unexecuted because Defendant Beard had "retired on 12/17/12." (Docket No. 36.) The PBSP litigation coordinator had given the U.S. Marshall a forwarding address for Defendant Beard; therefore, the summons was sent to the "address provided by PBSP"; however, "no acknowledgment [was] received as of May 28, 2013." (Id.)

The Court has obtained Defendant Beard's aforementioned "address provided by PBSP," and has directed the Clerk to reissue service on this Defendant with a Notice of Lawsuit and Request for Waiver of Service of Summons as well as all the documents outlined in the Court's December 5, 2012 Order. If the waiver of service of summons is returned executed, Defendant Beard shall then abide by the briefing schedule outlined in the Court's December 5, 2012 Order of Service. However, there is a strong possibility that it will be returned unexecuted because service of the summons by the U.S. Marshal to Defendant Beard at this same address was not successful. Therefore, the Court instructs Plaintiff to provide the required information necessary to identify and locate Defendant Beard, such as a full first name, identification number, or current address. Because the Court has granted Plaintiff a *sua sponte* extension of time to locate the other unserved Defendants, Plaintiff shall have the same deadline to provide the required information necessary to identify and locate Defendant Beard, as directed below.

## CONCLUSION

For the reasons outlined above, the Court orders as follows:

1. Defendants' motion to stay discovery (Docket No. 33) is DENIED.

2. Plaintiff's discovery request (Docket No. 29) is DENIED.

3. Plaintiff is GRANTED a *sua sponte* extension of time to provide the required information necessary to locate Defendants Coleman, Brandon, Burt, and Williams. The time in which Plaintiff may provide the Court with the required information necessary to locate these Defendants will be extended up to and including **July 12, 2013**. **Failure to do so by the new deadline shall result in the dismissal of all claims against these Defendants.**

4. The Clerk has been directed to re-issue service to Defendant Beard by mailing a waiver of service of summons to the "address provided by PBSP." Because there is a possibility that

the waiver of service of summons will be returned unexecuted, Plaintiff shall provide the Court with the required information necessary to identify and locate Defendant Beard by **July 12, 2013**. **Failure to do so shall result in the dismissal of all claims against Defendant Beard.**

5. If Plaintiff provides the Court with aforementioned required information as to Defendants Coleman, Brandon, Burt, and Williams, as well as Beard (if necessary), service shall again be attempted. **If service fails a second time, all claims against these Defendants shall be dismissed.**

6. This Order terminates Docket Nos. 29 and 33.

IT IS SO ORDERED.

DATED: May 31, 2013

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**