IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RICHARD A. HERNANDEZ, JR.,

    Plaintiff,

vs.

N. BANTA, et al.,

    Defendants.

No. C 12-3162 YGR (PR)

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

(Docket No. 30)

## INTRODUCTION

Plaintiff Richard A. Hernandez, Jr., a state prisoner currently incarcerated at Pelican Bay State Prison ("PBSP"), filed this *pro se* civil rights complaint ("Compl.") under 42 U.S.C. § 1983. In his complaint, Plaintiff claimed that Defendants violated his (1) due process and (2) equal protection rights when they validated him as a gang member. Before the Court are Defendants N. Banta, F. Jacquez, G. A. Kelly, M. E. Polk, D. Marx, D. Beard, R. Bell, R. Tupy, J. McKinney, and M. Cleary's motion to dismiss ("MTD") (Docket No. 30).[1] Plaintiff did not file an opposition although given an opportunity to do so. For the reasons set forth below, the Court GRANTS Defendants' motion to dismiss.

## BACKGROUND

### I. Factual Background

The process of identifying gang associates in California prisons is called "validation." Validation must be supported by at least three independent "source items of documentation" indicative of gang affiliation. Cal. Code Regs. tit. 15, § 3378(c)(4). The inmate is given written notice that he will be interviewed as part of the validation process. *Id.* at § 3378(c)(6)(B). Any non-confidential source items are disclosed to the inmate at that time. *Id.* at § 3378(c)(6)(c). Any confidential information that is used as a part of the validation process is disclosed to the extent permissible. *Id.* After the interview is conducted, a report is submitted with the validation package

---

[1] Defendant D. Beard filed joinder to the motion, (Docket No. 40), as he was not served in this matter until after Defendyants filed their motion to dismiss. Defendants G. Williams, Coleman, K. Brandon, and R. Burt have not been served with this action.

to the Office of Correctional Safety. *Id.* at § 3378(c)(6)(E). Inmates who are undergoing gang validation are housed in the Administrative Segregation Unit ("ASU") for safety purposes. *See id.* at § 3335(a). Placement in the ASU is reviewed every ten days. *Id*. at § 3335(c).

If an inmate is validated as a gang associate, he is considered a security threat and is placed in the Security Housing Unit ("SHU") for an indeterminate term. *Id*. at § 3341.5(c)(2)(A)(2). The Institutional Classification Committee ("ICC") reviews an indeterminate SHU term for gang validation at least once every 180 days. *Id.* at (c)(2)(A)(1). Once an inmate has been validated, he will be considered an active associate until he has been free of any gang activity for six years. *Id.* at §§ 3341.5(c)(5), 3378(e).

In his complaint, Plaintiff alleges that Defendants unlawfully validated him as an associate of the Northern Structure prison gang on June 2, 2009, and subsequently placed him in the SHU based on the validation. Six source items of documentation were relied on in conjunction with Plaintiff's gang validation. (Compl., Ex. 7.) Plaintiff claims that the source items were false and contain unreliable items of evidence which should not have been relied upon to validate him as a gang associate. (*Id*. at 12-17.) Defendants argue that Plaintiff previously litigated these claims and issues in the state courts and therefore is procedurally barred from presenting them in federal court. (MTD at 1.) In addition, Defendants assert that they are entitled to qualified immunity. (*Id.*)

## II. Procedural Background

On February 23, 2011, Plaintiff filed a petition for writ of habeas corpus in Del Norte County Superior Court alleging, among other things, that his due process and equal protection rights were violated when he was validated as an associate of the Northern Structure prison gang and retained in the SHU. (Defs.' Req. Jud. Not., Ex. A at AGO 1-56.) Specifically, Plaintiff asserted the following due process violations: (1) he was validated based on fraudulent and unreliable items of evidence that are inconsistent with state regulations; (2) the source items used to support his validation were obtained through an illegal contraband watch; (3) he was wrongfully validated and retained in the SHU in retaliation for an assault on prison staff by other Hispanic inmates; and (4) his retention in the SHU deprives him of his state-created liberty interest to earn good time credits. (*Id.*) Plaintiff also claimed that his right to equal protection was violated because he was validated and retained in

the SHU based on his innocent association with the members of his racial group. (*Id.*)

On October 12, 2011, the Del Norte Superior Court denied the state habeas petition, finding that Plaintiff's validation was supported by "ample evidence," and that the validation and retention in the SHU did not violate Plaintiff's constitutional rights. (*Id.* at AGO 117-20.)

On November 9, 2011, Plaintiff filed a second habeas petition in the California Court of Appeal on the same grounds alleged in the petition presented to the superior court. (*Id.* at AGO 121-257.) The state appellate court denied the petition on November 17, 2011. (*Id.* at AGO 258.)

On December 5, 2011, Plaintiff filed a third state petition in the California Supreme Court on the same grounds alleged in his two previous state petitions. (Id. at 259-392.) The state high court denied the petition on April 25, 2012. (*Id.* at AGO 393.)

On June 19, 2012, Plaintiff filed this *pro se* civil rights action under 42 U.S.C. § 1983. Plaintiff named Defendants N. Banta, F. Jacquez, G. A. Kelly, M. E. Polk, D. Marx, D. Beard, G. Williams, R. Bell, R. Tupy, J. McKinney, M. Cleary, Coleman, K. Brandon and R. Burt in his complaint. (*Id*. at 2-3.) Plaintiff seeks injunctive relief and monetary damages. (*Id*. at 3.)

In its Order of Service dated December 5, 2012, the Court found cognizable claims of due process and equal protection violations against Defendants. (Docket No. 5.) In that same Order, the Court directed the United States Marshal to serve Defendants. (*Id*.) The Marshal successfully served some of these Defendants, but returned the summons unexecuted as to Defendants G. Williams, Coleman, K. Brandon, and R. Burt. (Docket Nos. 8, 9, 10 & 11.) The Marshal informed the Court that the aforementioned Defendants' summons were each returned unexecuted because PBSP indicated that they were either unable to locate or identify these individuals. (*Id*.) To date, these four defendants have not been served in this action.

On May 1, 2013, the served Defendants filed their motion to dismiss. (Docket No. 30.)

## DISCUSSION

### I. Standard for Review

The federal courts have traditionally adhered to the related doctrines of res judicata and collateral estoppel. *See Allen v. McCurry*, 449 U.S. 90, 94 (1980). Under res judicata, a final judgment on the merits bars further claims by parties or their privies based on the same cause of

action. *See Montana v. United States*, 440 U.S. 147, 153 (1979). Under collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation. *See id.*

The Federal Full Faith and Credit Statute, 28 U.S.C. § 1738, requires that a federal court give to a state court judgment the same preclusive effect as would be given that judgment under the law of the state in which the judgment was rendered. *See Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). In California, a final judgment in state court "'precludes further proceedings if they are based on the same cause of action.'" *Brodheim v. Cry*, 584 F.3d 1262, 1268 (9th Cir. 2009) (quoting *Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004)). "[B]ecause of the nature of a state habeas proceeding, a decision actually rendered should preclude an identical issue from being relitigated in a subsequent § 1983 action if the state habeas court afforded a full and fair opportunity for the issue to be heard and determined under federal standards." *Silverton v. Dept. of the Treasury*, 644 F.2d 1341, 1347 (9th Cir. 1981).

The main difference between the state habeas proceeding and the present civil rights action is that damages are available in the civil rights action. However, the unavailability of damages in the state habeas proceeding does not exempt that case from the reach of res judicata. *See City of Los Angeles v. Superior Court*, 85 Cal. App. 3d 143, 151 (Cal. Ct. App. 1978 (litigant "cannot avoid impact of rule against splitting causes of action by choosing for his first foray a tribunal of limited jurisdiction").

### A. Res Judicata

The doctrine of res judicata, or claim preclusion, "'bars all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties . . . on the same cause of action.'" *C.D. Anderson & Co., Inc. v. Lemos*, 832 F.2d 1097, 1100 (9th Cir. 1987) (citing *McClain v. Apodaca*, 793 F.2d 1031, 1033 (9th Cir. 1986)). Under the "primary rights theory" adhered to in California, a federal court action will not be barred by res judicata where it seeks relief for harm distinct from the harm alleged in state court. *See Maldonado v. Harris*, 370 F.3d 945, 952-53 (9th Cir. 2004) (defining "primary right" as right to be free of the particular injury

4

suffered; primary right in state nuisance suit brought by state against billboard owner was right to highways free of advertising, whereas primary right in federal § 1983 suit by owner was right to advertise freely on his property); *International Evangelical Church v. Church of the Soldiers*, 54 F.3d 587, 590 (9th Cir. 1995) (primary right to seek damages in federal court for fraud and unjust enrichment different from primary right to enforce trust in state court). Under California's "primary rights theory," a "cause of action is (1) a primary right possessed by the plaintiff, (2) a corresponding primary duty devolving upon the defendant, and (3) a harm done by the defendant which consists in a breach of such primary right and duty." *Brodheim v. Cry*, 584 F.3d 1262, 1268 (9th Cir. 2009) (quoting *City of Martinez v. Texaco Trading & Transp., Inc.*, 353 F.3d 758, 762 (9th Cir. 2003)). If this cause of action test is satisfied, then the same primary right is at stake, even if in the later suit the plaintiff pleads different theories of recovery, seeks different forms of relief, and/or adds new facts supporting recovery. *Id.* Also, under California law, not all claims that could have been brought in the state court case are barred in a later action; rather, only those claims that derive from the same primary right are precluded. *Id.* at 14551 n.2.

In support of their motion, Defendants have submitted copies of Plaintiff's habeas petitions filed in state superior, appellate and high courts. (Defs.' Req. Jud. Not., Ex. A at AGO 1-56, 121-257, 259-392.) These documents show that Plaintiff pursued the same cause of action and that the same "primary rights," *see Brodheim*, 584 F.3d at 1268, were involved in state courts as here: (1) violation of his right to due process based on allegedly false and unreliable evidence used in his gang validation and his retention in the SHU which were obtained through an illegal contraband watch; and (2) violation of his right to equal protection when Defendants intentionally discriminated against him based on his racial group. (*Id.*) These same due process and equal protection claims were asserted in both the state actions and the instant complaint. (*Id.*; Compl. at 25-27.) The same injury was alleged in both: wrongful placement in the SHU as a gang affiliate. (*Id.*) The actions involve the same injury to Plaintiff and the same wrong by the same prison officials, even though the form of the action in state court (*i.e.*, a habeas petition) led Plaintiff to identify his custodian as the adverse party rather than the alleged wrongdoers.

The doctrines of res judicata and collateral estoppel do not apply "when the party against

5

whom the earlier decision is asserted did not have a 'full and fair opportunity' to litigate the claim or issue. . . . 'Redetermination of issues is warranted if there is reason to doubt the quality, extensiveness, or fairness of procedures followed in prior litigation.'" *Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 480-81 & n.22 (1982) (citations omitted). Where the federal court is considering the preclusive effect of a state court judgment under 28 U.S.C. § 1738, "state proceedings need do no more than satisfy the minimum procedural requirements of the Fourteenth Amendment's Due Process Clause in order to qualify for the full faith and credit guaranteed by federal law." *Kremer*, 456 U.S. at 481.

Here, Plaintiff had an opportunity for full and fair litigation of his claims that his rights to due process and equal protection were violated during his validation as an active prison gang member and when he was placed and retained in the SHU. In fact, Plaintiff submitted the same evidence in support of his claims, *i.e.*, copies of the same source documents used to support his gang validation in June 2009. The petition contained extensive allegations in support of his claims which the state superior court considered in denying habeas relief; in fact, the court conducted an *in camera* review of the source documents which were submitted under seal. (MTD, Ex. A at AGO 119.) Plaintiff's subsequent petitions to the state appellate and high courts contain identical briefs and exhibits in support thereof, which the Court must assume were duly considered by the state courts before they denied the petitions on the merits. It is clear that Plaintiff's due process and equal protection claims were fully and fairly litigated in state court.

Lastly with respect to the parties involved, Plaintiff was the same party in the state actions, and the defendants are in privity with the respondents. Privity exists when a person is so identified in interest with another that he represents the same legal right. *See Trujillo v. County of Santa Clara*, 775 F.2d 1359, 1367 (9th Cir. 1985). For example, privity exists between officers of the same government so that a judgment in a suit between a party and a representative of the government is res judicata in relitigation of the same issue between that party and another officer of the government. *See Church of New Song v. Establishment of Religion on Taxpayers' Money*, 620 F.2d 648, 654 (7th Cir. 1980), *cert. denied*, 450 U.S. 929 (1981) (citation omitted) (prison employees at federal prison in Texas in privity with prison employees at federal prison in Illinois as

both suits against employees of Federal Bureau of Prisons). Such is the case here, where the Defendants in the instant action are in privity with the Respondents of Plaintiff's state habeas actions because all the suits are against employees of the California Department of Corrections and Rehabilitation.

Based on the above discussion, the issues raised in Plaintiff's complaint regarding the violation of his due process and equal protection rights are barred under res judicata and therefore must be DISMISSED for failure to state a claim.

### B. Collateral Estoppel

Collateral estoppel, or issue preclusion, only bars the relitigation of issues explicitly litigated and necessary to the judgment. *See Hiser v. Franklin*, 94 F.3d 1287, 1292 (9th Cir. 1996). "California courts will apply collateral estoppel only if certain threshold requirements are met, and then only if application of preclusion furthers the public policies underlying the doctrine. There are five threshold requirements:

> First, the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding. Second, this issue must have been actually litigated in the former proceeding. Third, it must have been necessarily decided in the former proceeding. Fourth, the decision in the former proceeding must be final and on the merits. Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding.

'The party asserting collateral estoppel bears the burden of establishing these requirements.'" *In re Harmon*, 250 F.3d 1240, 1245 (9th Cir. 2001) (quoting *Lucido v. Superior Court*, 795 P.2d 1223, 1225 (Cal. 1990) (in bank)) (citations omitted).

As discussed above, Plaintiff's cause of action for due process and equal protection violations based on his gang validation and placement in the SHU were fully litigated. *See supra* at 6. Plaintiff claims that the source documents used to support his gang validation were false and unreliable and that his placement and retention in the SHU violated his due process rights. These claims are identical to the claims asserted in his state habeas petitions. *Id.* at 2-3. Furthermore, as discussed above, these claims were actually litigated as the state courts considered extensive briefs and exhibits submitted by Plaintiff in support of his habeas petitions. *Id.* at 6. Thirdly, the issue of whether Plaintiff's due process and equal protection rights were violated was at the heart of his state

7

petitions, and was a "critical and necessary part of the judgment." *Gospel Missions*, 328 F.3d at 553-54. The state superior court denied relief because after an *in camera* review of the source documents, they found that "there is ample evidence to sustain the determination by prison officials that Petitioner is an associate of the Northern Structure prison gang." (MTD, Ex. A at AGO 119.) His petitions to the state appellate and high courts contained essentially identical factual allegations attacking the reliability of the source items used to support his validation, and were both denied. *Id.* These state decisions were final and on the merits. Lastly, Plaintiff was the same party in the state petitions and in the instant action against whom preclusion is being sought.

Based on the above discussion, Plaintiff's due process and equal protection claims challenging his validation as a prison gang member in June 2009 are also barred under collateral estoppel and therefore DISMISSED for failure to state a claim.

### C. Unserved Defendants

As mentioned above, Defendants G. Williams, Coleman, K. Brandon, and R. Burt have not been served in this action, and they have not joined the other Defendants in their motion to dismiss.

It is apparent, however, that even though Defendants G. Williams, Coleman, K. Brandon, and R. Burt have not been joined in this action, the claims against them are subject to dismissal. Specifically, the allegations against Defendants G. Williams, Coleman, K. Brandon, and R. Burt are the same as those against the other served Defendants to this action, and there is no suggestion in the complaint and exhibits attached thereto, or in the briefs and exhibits filed in connection with the instant motion to dismiss, that the analysis of the claims against Defendants G. Williams, Coleman, K. Brandon, and R. Burt differs from the analysis of the claims against the other served Defendants. *Cf. Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery*, 44 F.3d 800, 803 (9th Cir. 1995) (affirming grant of summary judgment in favor of nonappearing defendant where plaintiff, in response to summary judgment motion filed by defendant who had appeared, had "full and fair opportunity to brief and present evidence" on dispositive issue as to claim against nonappearing defendant). As the Court has found Plaintiff fails to state a claim upon which relief can be granted with respect to his claims against the other served Defendants herein, Plaintiff cannot prevail on his claims against Defendants G. Williams, Coleman, K. Brandon, and R. Burt. Accordingly, the Court

also DISMISSES the claims against Defendants G. Williams, Coleman, K. Brandon, and R. Burt.

**D.     Summary**

The Court finds that Plaintiff's complaint fails to state a claim upon which relief can be granted.  Defendants' motion to dismiss is GRANTED,[2] and the complaint is DISMISSED as to all claims.  Furthermore, the Court also DISMISSES the claims against unserved Defendants G. Williams, Coleman, K. Brandon, and R. Burt.

**CONCLUSION**

For the reasons stated above, the Court orders as follows:

1.     Defendants' motion to dismiss (Docket No. 30) is GRANTED as to all claims against the served Defendants, and also as to unserved Defendants G. Williams, Coleman, K. Brandon, and R. Burt.

2.     The Clerk of the Court shall enter judgment and close the file.  Each party shall bear his or her own costs.

3.     This Order terminates Docket No. 30.

IT IS SO ORDERED.

DATED:     October 30, 2013

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[2] Because the Court has granted Defendants' motion to dismiss as to all of Plaintiff's claims, it need not address Defendants' alternative argument that they are entitled to qualified immunity.